IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02594-PAB-MEH

DEBRA A. TURNER,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAND, State of Colorado, and
RODNEY D. JOHNSON, in his official capacity as Sheriff of Grand County,

    Defendants.

---

## RECOMMENDATION TO REMAND

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte* pursuant to the Court's obligation to assure itself of its subject matter jurisdiction before proceeding with any case. For the reasons that follow, this Court recommends[1] that the District Court **remand** this case to the Grand County District Court.[2]

---

[1] An order granting remand is a dispositive action necessitating a recommendation from the magistrate judge. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000).

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**I.     Background**

Plaintiff initiated this matter in Grand County District Court on December 15, 2009. (Docket #1-1.) Plaintiff brought her initial complaint with two claims for relief: 1) due process under Colorado law and 2) breach of contract. Defendants removed this matter to federal court on October 22, 2010. (*See* docket #1.) Defendants state in the Notice of Removal that removal is premised upon the Plaintiff filing a motion to amend on September 23, 2010, which seeks to add a third claim for relief "detailing her claim for deprivation of constitutional due process under 42 U.S.C. § 1983." (Docket #1-16 at 1-2.) According to Defendants, Plaintiff filed the motion to amend commensurate with a motion to reconsider orders of dismissal by the state court.[3]

Defendants removed this case pursuant to federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) asserting that they "received notice of plaintiff's federal civil rights claim on September 23, 2010 when plaintiff issued a motion to amend to add a claim under 42 U.S.C. § 1983." (Docket #1, ¶ 2.) As stated, Plaintiff's original complaint, which is currently the operative pleading in this matter, contains two theories of recovery under state law. (*See* docket #1-1.) On its face, the complaint fails to establish this Court's jurisdiction pursuant to 28 U.S.C. § 1331.[4] *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1049 n.5 (10th Cir. 2006) ("[a] case 'arises under' federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right

---

[3] The state court had granted Defendant County Commissioners of Grand County's motion to dismiss on the basis that it "is not liable for the action of a county deputy under the doctrine of respondeat superior." (Docket #1-12 at 2.) The state court also granted a separate motion to dismiss, dismissing the Sheriff's Department as a named defendant and dismissing Plaintiff's first claim for relief against Defendant Sheriff Johnson. (Docket #1-11 at 3.)

[4] There is no indication that the parties invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

2

to relief necessarily depends on resolution of a substantial question of federal law.") (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Consequently, on February 7, 2011, this Court issued an order to show cause why the matter should not be remanded for the Court's lack of subject matter jurisdiction. (Docket #21.)

Defendants timely responded asserting that the case law is unclear in the Tenth Circuit as to whether and when they must remove a case in which a plaintiff files a motion to amend in state court seeking to add a federal claim; that is, must Defendants remove upon notice of a potential claim set forth in the motion or may they wait until the court grants the motion allowing the claim to proceed in the action? *See* docket #23 at 1-2. Defendants assert that the closest case for guidance on this issue is a 1986 decision by Judge Carrigan in the District of Colorado finding that the plaintiff's response to a summary judgment motion, in which the plaintiff apprised the Court and the defendant that he was pursuing a federal claim, served as sufficient notice to start the 30-day period within which to remove the case. *See Jackson v. Brooke*, 626 F. Supp. 1215, 1217 (D. Colo. 1986). Defendants contend that "[w]hile defense counsel would welcome a holding that the thirty-day window for removal does not begin to run until the state court enters an order granting the amendment," they believe removal was proper here "in the absence of controlling authority from the Supreme Court or the Tenth Circuit." Docket #23 at 2.

**II.     Standard of Review**

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F. Supp.2d 1075, 1077 (D. Colo. 2001) (citing *Castaneda v. Immigration and Naturalization Serv.*, 23 F.3d 1576, 1580 (10th Cir. 1994)). Because federal courts are courts of limited jurisdiction, there is a general presumption against such jurisdiction, and the party invoking it bears the burden of proof.

*Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). Federal courts have original jurisdiction only over cases that the Constitution and Congress have granted them authority to hear. *ICG Telecom Group v. Qwest Corp.*, 375 F. Supp. 2d 1084, 1086 (D. Colo. 2005). Where there exist uncertainties regarding the Court's jurisdiction, the uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Removal of a case from the state court to the federal court is governed by 28 U.S.C. § 1441. That statute reads:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The procedure for removal is governed by 28 U.S.C. § 1446, which states in pertinent part,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, though service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

28 U.S.C. § 1446(b).

### III.    Analysis

Defendants argue that the Tenth Circuit has not decided, and that courts across the country differ as to, whether the removal period, for a case in which a plaintiff files a motion to amend seeking to add a federal claim, commences upon notice of the federal claim as set forth in the motion itself or in the subsequent order granting the motion.

While Defendants are correct that the Tenth Circuit has not decided this specific issue, the court has remarked upon the issue in a case involving commencement of the removal period in a

4

diversity action. *See DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979). In determining whether a deposition provided sufficient notice of fulfillment of the residence requirement for purposes of diversity jurisdiction,[5] the *DeBry* court noted, "[t]he plain purpose of [§ 1446(b)] is, then, to permit the removal period to start only after the defendant is able to ascertain intelligently that the requisites of removability are present. Therefore, a voluntary motion on the part of the plaintiffs ***and the trial court's order granting the motion*** ought to be sufficient notice within the statute." *Id.* at 489 (emphasis added).  The court further states "[i]f the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design." *Id.*

Other circuit courts have followed this line of reasoning in holding that "removal before the state court actually amends the complaint may have the anomalous effect that the removed case lacks federal jurisdiction at the time it is removed." *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008); *see also Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) ("[u]ntil the state judge granted the motion to amend, there was no basis for removal."). In fact, trial courts have recognized that, while some courts in the country find that a motion to amend is sufficient notice to commence the removal period, a "majority of" or "most" courts agree that the removal period begins to run upon either the granting of the motion to amend or the actual filing of the amended complaint. *See Disher v. Citigroup Global Markets, Inc.*, 487 F. Supp. 2d 1009, 1016 (S.D. Ill. 2007) ("This circuit takes the view, followed by a majority of federal courts ... [that] the

---

[5]The *DeBry* court held that the deposition at issue in the case did not provide sufficient notice to commence the removal period because it was "not voluntary, reluctant and evasive"; at the same time, the court noted that it was "not taking the position that a deposition is incapable of furnishing notice." *Id.* at 488.  In fact, the Tenth Circuit later determined that a deposition served as sufficient notice to commence the removal period where the plaintiff unequivocally testified that he was seeking $300,000.00 in damages, thus invoking diversity jurisdiction. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

5

event triggering a right to remove is a state court order granting a plaintiff's motion."); *Lucente S.P.A. v. Apik Jewelray, Inc.*, No. CV-07-04005 MMM, 2007 WL 7209938, at *4 (C.D. Cal. Oct. 3, 2007) ("the majority view that the thirty-day removal period begins with the state court grants leave to amend ... most appropriately implements Congressional intent in enacting § 1446(b)."); *B&B Enters. of Wilson Cnty., LLC v. City of Lebanon*, 422 F. Supp. 2d 903, 905 (M.D. Tenn. 2006) (following "most" courts finding that "[b]ecause the motion had not yet been granted, the case was not yet removable and Defendants' notice of removal was premature."); *Owings v. Deere & Co.*, 441 F. Supp. 2d 1011, 1013 (S.D. Iowa 2006) (determining that, in light of the limited jurisdiction of the federal courts, the majority rule finding that a motion is insufficient to commence the removal period is the most appropriate rule); *May v. J.D. Candler Roofing Co., Inc.*, No. 04-cv-74690, 2005 WL 1349110, at *4 (E.D. Mich. May 12, 2005) (adopting the "majority" reasoning that "the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make an otherwise removable case removable" because the possibility remains that the court may deny the motion); *Douklias v. Teacher's Ins. & Annuity Ass'n*, 35 F. Supp. 2d 612, 615 (W.D. Tenn. 1999) (listing cases in the "majority" and finding that motion to amend did not trigger 30-day period for removal).

Based upon the comments in *DeBry* and the subsequent findings by two circuit courts and a majority of trial courts on the specific issue raised here, this Court assumes the Tenth Circuit would likely adopt the majority rationale and, likewise, finds that the majority view is appropriately applied to this case. Here, it is possible that the state court might deny Plaintiff's motion to amend, particularly considering that the Defendants strongly oppose it. *See* dockets #21 and #22. Thus, the motion itself certainly is not "unequivocal" and could possibly have a "double design" as described by the Tenth Circuit. *See DeBry*, 601 F.2d at 489; *see also Sullivan*, 157 F.3d at 1094 ("[t]he

statutory language [in § 1446(b)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens.").

Moreover, there is no dispute that the original complaint, currently operative in this litigation, states no federal claim nor permits the Defendants to ascertain that the federal court has subject matter jurisdiction over the matter. *See Huffman*, 194 F.3d at 1077; *see also 1mage Software, Inc.*, 459 F.3d at 1049 n.5. Thus, the case was not removable at the time it was removed, and Defendants' notice of removal is premature. *B&B Enters. of Wilson Cnty.*, 422 F. Supp. 2d at 905.

Finally, the Court notes that, although not necessary for purposes of the analysis here, there remains pending Plaintiff's motion for reconsideration of the state court's dismissal of certain claims that are raised and alleged again in the proposed amended complaint. In most cases, such a motion is more appropriately adjudicated by the court that made the original ruling, particularly where, as here, the plaintiff seeks to pursue the dismissed claims in an amended pleading.

**IV.   Conclusion**

This Court believes that Defendants' Notice of Removal in this case is premature under prevailing law and, thus, the Court has no subject matter jurisdiction over this matter. Accordingly, for the reasons stated above and the considering the entire record herein, this Court respectfully recommends that the District Court REMAND the case to the Grand County District Court.

Dated at Denver, Colorado, this 2nd day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge