IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  10-cv-02594-PAB-MEH

DEBRA A. TURNER,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAND,
STATE OF COLORADO, and
RODNEY D. JOHNSON, in his official capacity as Sheriff of Grand County,

    Defendants.

## ORDER OF REMAND

This matter is before the Court on the Recommendation to Remand (the "Remand Recommendation") [Docket No. 24] and the Recommendation on Motion to Amend (the "Amend Recommendation") [Docket No. 25] filed by United States Magistrate Judge Michael E. Hegarty.

Defendants removed this action to this Court on October 22, 2010 [Docket No. 1].  On February 7, 2011, Magistrate Judge Hegarty ordered defendants to show cause [Docket No. 21] why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.  After defendants filed their response, Magistrate Judge Hegarty filed the Remand Recommendation, recommending that the Court remand this action.  Neither party filed an objection to the Remand Recommendation.

In the absence of an objection to a recommendation, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.

*See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991): *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Remand Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Remand Recommendation is a correct application of the facts and the law.[2]

Moreover, Magistrate Judge Hegarty recommends that, in light of the Court lacking subject matter jurisdiction, that plaintiff's motion to amend be denied without prejudice and "be presented (along with the other motions pending in this case) to the state court for review and adjudication." Docket No. 25 at 1-2. Plaintiff filed a "Limited Objection to the Magistrate Judge's Recommendation on Motion to Amend" [Docket No. 28]. The filing, however, expresses no objection to the Amend Recommendation,[3]

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. *See* Fed. R. Civ. P. 72(b).

[2] Although defendants file no objection to the Remand Recommendation, they have "request[ed] that the order [of remand] acknowledge the procedural fact that plaintiff in this case filed and served a proposed amended complaint with her motion to amend, and incorporate that fact in its holding." Docket No. 26 at 1, ¶ 2 (citation omitted). The proposed amended complaint is a matter of record in this case, *see* Docket No. 8, and was referenced in the Remand Recommendation. *See* Docket No. 24 at 7. It is not clear what additional reference or finding defendants desire.

[3] In fact, plaintiff makes clear that she agrees that her pending motion to amend and motion for reconsideration in this matter should be resolved by the state court and requests that the "record should be clear that it is plaintiff's position that both motions need to be considered pending and viable, for determination by the state court."

and the Court has identified "no clear error on the face of the record" regarding the substance of the Amend Recommendation.  See Fed. R. Civ. P. 72(b), Advisory Committee Notes.

For the foregoing reasons, it is

**ORDERED** that the Recommendation on Motion to Amend [Docket No. 25] is ACCEPTED.  It is further

**ORDERED** that all the pending motions in this matter are DENIED without prejudice.  It is further

**ORDERED** that the Recommendation to Remand [Docket No. 24] is ACCEPTED.  It is further

**ORDERED** that this case is REMANDED to the District Court of Grand County, Colorado, where it was originally filed as Case No. 2009-cv-378.

DATED April 1, 2011.

                                   BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge

---

Docket No. 28 at 2, ¶ 3.  The filing itself accomplishes that request.